FILED
SUPERIOR COURT
OF GUAM

2022 OCT 12 AM 10: 52

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                Plaintiff,<br><br>vs.<br><br>GERALD WAYNE CRUZ II<br>*aka* Gerard Wayne Cruz II,<br><br>                                Defendant. | Case No. CF0619-18<br><br>**DECISION AND ORDER**<br>**(Motion to Sever Charges in Second**<br>**Superseding Indictment)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 14, 2022, for a Motion Hearing on Gerald Wayne Cruz II's ("Defendant") Motion to Sever Charges in Second Superseding Indictment. Assistant Public Defender William Bischoff appeared for Defendant. Assistant Attorney General Katherine Nepton appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion to Sever Charges in Second Superseding Indictment.

## BACKGROUND

On September 7, 2021, the Supreme Court of Guam issued an opinion reversing the dismissal of the felony animal abuse/cruelty charges contained in the Second Superseding Indictment and remanding the case for further proceedings not inconsistent with its opinion. *People v. Cruz*, 2021 Guam 10. On September 27, 2018, Guam Police Department ("GPD")

received a report that that a dog was shot on Goro Elena Street in Yigo. Mag. Compl., Oct. 12, 2022. Upon interviewing witnesses, GPD learned that several animals in the area were shot in the months preceding the September 27 shooting. *Id.* Witnesses alleged Defendant committed these shootings. *Id.*

Upon remand, the Grand Jury Indicted Defendant on the following charges: (1) Two Counts of Animal Cruelty (As a Third Degree Felony) with Two Counts of the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Three Counts of Possession of an Unregistered Firearm (As a Third Degree Felony); and (3) Unsworn Falsification (As a Misdemeanor). Second Superseding Indictment, July 1, 2021. Defendant filed the instant motion. Mot. to Sever Charges in Second Superseding Indictment, July 25, 2019. The People filed a response. People's Resp. to Def.'s Mot. to Sever, Aug. 12, 2019. The Court held a Motion Hearing and took the parties' arguments under advisement. Minute Entry, July 14, 2022.

**DISCUSSION**

Defendant states "[i]t would be unfairly prejudicial to the defendant to let emotions from [the Animal Cruelty] charges to spill over to the Unsworn Falsification and Unregistered Firearms charges." Mot. to Sever Charges in Second Superseding Indictment at 3. He further states that "[t]here is no practical or logical reason why the two different kinds of charges should be tried together." *Id.* "The People defer to the Court on the other charges noting that severance is permissive, but not required under 8 G.C.A § 65.35." People's Resp. to Def.'s Mot. to Sever at 1.

Title 8 G.C.A § 55.35 permits joinder of two or more offenses charged in the same indictment "if the offenses charged are of the same or similar character based on the same act

or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Title 8 G.C.A § 65.35 provides "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

Title 8 G.C.A § 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which permits joinder of offenses when they are of the same or similar character, based on the same act or transaction, or are connected with a common scheme or plan. *See* Fed. R. Crim. 8. Title 8 G.C.A § 65.35 is substantially the same as Rule 14 of the Federal Rules of Criminal Procedure, which allows for severance in federal criminal matters when joinder prejudices the defendant or government. *See* Fed. R. Crim. P. 14. Thus, the Court looks to federal cases interpreting Rule 14 and Rule 8 to determine if Defendant demonstrated sufficient prejudice to warrant severance of the charges against him. *See Sumitomo Constr. Co. v. Zhang Ye, Inc.*, 1997 Guam 8 ¶ 17 (reasoning that when a legislature adopts an identical or similar statute to one in effect in another jurisdiction, there is a presumption that the adopting jurisdiction applies the construction of the originating jurisdiction). "In determining whether counts are properly combined for trial, we historically have considered whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995).

Count One of the First Charge alleges an offense occurring on or about the period between September 26, 2018 and September 28, 2018. Second Superseding Indictment. Count

Two of the First Charge alleges an offense occurring on or about the period between May 1, 2018 and May 30, 2018. *Id.* Count One of the Second Charge alleges an offense occurring on or about the period between September 26, 2018 and September 28, 2018. *Id.* Count Two of the Second Charge alleges an offense occurring on or about the period between September 26, 2018 and September 28, 2018. *Id.* Count Three of the Second Charge alleges an offense occurring on or about the period between September 26, 2018 and September 28, 2018. *Id.* The Third Charge alleges an offense occurring on January 19, 2018. *Id.* The alleged charges took place over a period of eight months and many of the Animal Cruelty offenses are alleged to have occurred during the same period as the Possession of an Unregistered Firearm charges. Specifically, Defendant allegedly used the unregistered firearm to commit the animal cruelty offenses.

"Transaction is a word of flexible meaning that may comprehend a series of related occurrences." *United States v. Kinslow*, 860 U.S. 963, 966 (1988). Courts have found that weapons charges regarding weapons discovered during unrelated investigations properly joined with other offenses. *See United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) ("[Defendant's] pistol was discovered during an arson and weapons investigation; and we conclude that the transaction requirement of Rule 8(a) is flexible enough to encompass the arson, weapons possession, and weapons transportation charges filed against [Defendant]"); *see also United States v. Park*, 531 F. 2d 754, 760 (5th Cir. 1976) (finding joinder proper where the sole connection between a weapons charge and a drug charge was the discovery of the weapon during a drug investigation). In this case, the joined offenses include allegations Defendant misled a public servant when obtaining the unregistered firearm and then using the unregistered firearm to commit animal cruelty. Accordingly, there is a logical relationship

between the three charges. The alleged unregistered firearm was not a byproduct of an unrelated investigation but rather the weapon Defendant allegedly used to commit the other offenses contained in the Second Superseding Indictment. The Court finds that all three charges contained in the Second Superseding Indictment are based on the same transaction and are properly joined.

Moreover, Defendant has not addressed whether a limiting instruction can cure any potential prejudice if one trial is held on all counts. Instructions that the jury is obligated to consider each count separately generally prevent a finding of prejudice. *United States v. Jawara*, 474 F.3d 565, 580 (9th Cir. 2007). The Court is prepared to instruct the jury on their duty to weigh the evidence presented for each count, and further that they may not use a finding of guilt on one of the counts as the basis for a guilty verdict on another count. "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense." *Johnson v. United States*, 356 F.2d 680, 682 (8th Cir. 1966). Beyond stating that "[e]motions may run high with some jurors in the trial of the Animal Abuse/Animal Cruelty charges," Defendant does not articulate specifically how one trial on all charges results in prejudice. "Generally, 'spillover' from one charge to another contained in the same indictment is insufficient to require severance." *Taylor* 54 F.3d at 974. As nothing in the record suggests otherwise, the Court finds that the jury is able to separate evidence of each count and determine the Defendant's guilt or innocence separately on each count. Severance of the counts is not appropriate given the Court's ability to instruct the jury on their duty as to each count.

Defendant states "mentioning of defendant's misdemeanor child abuse conviction in CF0643-15 may cause some jurors to be unfairly prejudiced against him in the trial of the

Animal Abuse/Animal Cruelty charges." Mot. to Sever Charges in Second Superseding Indictment at 3. Regardless of whether the Court severs the charges, Defendant is permitted to file a motion *in limine* to exclude Defendant's prior conviction from trial.

Defendant contends that he "may need to testify respecting his defenses to the Unsworn Falsification charge; and respecting his defenses to the Unregistered Firearm charges; but perhaps not respecting the Animal Abuse/Animal Cruelty charges." The Court acknowledges the importance of the privilege against self-incrimination. However, "no need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968). In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying." *Id.* Defendant has not presented any information regarding the content of the testimony he plans to give on the unregistered firearm charges and he has not stated his reasons for not wishing to testify on the animal cruelty charges. Therefore, the Court finds that Defendant has not made a showing that the prejudice of declining to sever the trials is genuine.

Lastly, the Court is mindful of judicial economy and the burden that severing the counts for trial would create. "In the interest of conserving judicial economy, avoiding duplicitous, time-consuming and expense [sic] trials, conserving public funds, diminishing inconvenience to witnesses and public authorities, and promptly trying those accused of crime, joint trials are

favored." *United States v. Gaddis*, 418 F.Supp. 869, 875 (W.D.Okla. 1976). The facts of this case are intertwined. The Court finds that risk of prejudice in this case is not so great that it warrants empaneling two separate juries when jury instructions will cure any risk of prejudice.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion to Sever Charges in Second Superseding Indictment.

SO ORDERED, this _____ day of _____**OCT 1 2 2022**_____, 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

⊛ A further proceedings will be held on Nov. 15, 2022 @ 11am.